**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ROBERT V. MELTON,

    Plaintiff,

v.                                          Case No. 3:14-cv-328-J-32MCR

JOEY DOBSON, et al.,

    Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate incarcerated at the Baker County Jail, initiated this action by filing a pro se pleading entitled, "Emergency Injunctive Injunction Relief Only Injunction" (Doc. #1) (hereinafter Plaintiff's Motion). Although this pleading is not a model of clarity, Plaintiff appears to allege that on March 18, 2014, Sergeant Hodges and Correctional Officer Miller placed a violent inmate in Plaintiff's cell so that this inmate could assault and batter Plaintiff. Plaintiff states that he is in fear of his life. Plaintiff does not specify what injunctive relief he seeks.

As an initial matter, the Court notes that Plaintiff has failed to comply with the strictures of Fed. R. Civ. P. 65 and Local Rules 4.05 and 4.06. Further, Plaintiff has failed to set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Fed. R. Civ. P. 65(c). Additionally, he did not prepare a proposed form of temporary restraining order and preliminary injunction in accordance with the requirements contained in Rule 65(b) and (d), Fed. R. Civ. P.

Even assuming his request for injunctive relief was properly filed, he has not shown he is entitled to such relief.

> A TRO or preliminary injunction is appropriate where the movant demonstrates that:
>
> (a) there is a substantial likelihood of success on the merits;
> (b) the TRO or preliminary injunction is necessary to prevent irreparable injury[1];
> (c) the threatened injury outweighs the harm that the TRO or preliminary injunction would cause to the non-movant; and
> (d) the TRO or preliminary injunction would not be a[d]verse to the public interest.
>
> See Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985).

Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034-35 (11th Cir.) (per curiam) (footnote omitted), cert. denied, 534 U.S. 1072 (2001).

Here, Plaintiff has failed to meet his burden of persuasion as to these four prerequisites for injunctive relief. Thus, Plaintiff's Motion will be denied. However, in light of Plaintiff's claim that he is in fear of his life, the Court will send a copy of Plaintiff's Motion and this Order to Sheriff Joey Dobson for whatever action may be deemed appropriate in light of Plaintiff's allegations.

---

[1] The Eleventh Circuit has "emphasized on many occasions, the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" Siegel v. LePore, 234 F.3d 1163, 1176-77 (11th Cir. 2000) (per curiam) (quoting Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990)).

Additionally, insofar as Plaintiff may be attempting to raise claims regarding the conditions of his confinement, he has failed to use the appropriate civil rights complaint form to present his claims. He has also failed to either pay the $400.00 filing fee or file a request to proceed as a pauper. Thus, this case will be dismissed without prejudice to Plaintiff's right to properly initiate a civil rights case to address any allegedly unconstitutional conditions of his confinement, if he so desires.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Plaintiff's Motion (Doc. #1) is **DENIED**.

2. The **Clerk** shall send, by facsimile, a copy of Plaintiff's Motion (Doc. #1) and this Order to Sheriff Joey Dobson of the Baker County Sheriff's Office for whatever action may be deemed appropriate.

3. The **Clerk** shall enter judgment dismissing this action without prejudice.

4. The **Clerk** shall send a "Civil Rights Complaint Form," an "Affidavit of Indigency" form, and a "Prisoner Consent Form and Financial Certificate" to Plaintiff. If Plaintiff elects to initiate a civil rights action in a separate case, he may complete and submit these forms. Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to file a civil rights case. In initiating such a case, Plaintiff should **either** file a fully completed "Prisoner Consent Form and Financial Certificate" and "Affidavit of Indigency" (if he desires to proceed as a pauper) **or** pay the $400.00 filing fee (if he does not desire to proceed as a pauper).

     5.     The **Clerk** shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida this 24th day of March, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

ps 3/24
c:
Robert V. Melton